# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Federico Conde (B-50270), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06 C 6183 |
| ) | Judge Joan Humphrey Lefkow |
| Deirdre Battaglia, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Federico Conde (B-50270), currently incarcerated at Pontiac Correctional Center, filed a 42 U.S.C. § 1983 action against Stateville Correctional officials: Deirdre Battaglia (warden), Sandra Hawkins (grievance officer), and Correctional Officer ("C/O") Ponovich. Plaintiff alleges that, during his incarceration at Stateville Correctional Center, he received emergency medical treatment seven times for spider bites between November 15, 2004 and October 5, 2005. According to Plaintiff, each treatment was necessary due to the extreme reaction that occurred, and involved a painful procedure of removing damaged tissue and applying gauze to the infected areas for 10-15 days. He asserts that: Battaglia, as warden, failed to have an exterminator properly treat Plaintiff's area of the prison or authorize moving Plaintiff to another area, even after he complained to Battaglia about spiders; Hawkins, as grievance officer, failed to take any action other than to deny Plaintiff's grievances; and Officer Ponovich refused Plaintiff's request for emergency medical attention after he suffered a rupture in an infected area, and another officer informed Ponovich that Plaintiff's situation was an emergency.

The three defendants have filed a motion to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response. The defendants have not filed a reply. For the following reasons, this Court denies the motion to dismiss.

## I. STANDARD OF REVIEW ON A MOTION TO DISMISS

This Court liberally construes Plaintiff's *pro se* complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. Rather, the federal rules follow a notice pleading requirement. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). However, if a plaintiff pleads facts which show he has no claim, he may then plead himself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996) (citations omitted).

## II. FACTS

Plaintiff's complaint asserts specific allegations against each of the three defendants. Plaintiff states that he received emergency treatment for spider bites seven times over an 11½ month period: on November 15, 2004, and on April 26, May 1, June 11, July 30, September 7, and October 23, 2005. He states, in detail, that his treatment involved: puncturing and draining the affected areas; removal of

damaged tissue with forceps; packing the affected areas with Iodoform strips for 10-15 days; and the taking of antibiotics and pain medication. He asserts that emergency treatment was required due to the "rapid growth of abscess, fever, chills, and excruciating pain."

Plaintiff asserts that Battaglia, as warden, failed to treat Plaintiff's area of the prison for spiders or move Plaintiff to a different area, even after he filed grievances and forwarded letters to Battaglia complaining about spiders. Attached to plaintiff's complaint are several grievances submitted in 2005, wherein Plaintiff complained of spider bites and requested that an exterminator be called to fix the problem. Also attached to his complaint is one letter from Plaintiff addressed to Battaglia, dated June 16, 2005, requesting a cell change because of spider infestation.

Plaintiff alleges that Hawkins denied all of Plaintiff's grievances concerning spider bites, that she was aware of the need for an exterminator, as well as the need to move Plaintiff to a less infested area, yet did nothing to correct the situation. Plaintiff contends that he suffered three more emergency treatments for spider bites due to Hawkins' inaction. Attached to Plaintiff's complaint are several grievances filed in 2005, in which Plaintiff complained of spider bites and requested that an exterminator fix the problem.

Plaintiff alleges that Officer Ponovich refused Plaintiff's request on July 29, 2005, for emergency medical attention after an infected area ruptured and another officer informed Ponovich that Plaintiff required emergency care. Plaintiff states that Ponovich refused officers' requests that Plaintiff be taken to the Health Care Unit ("HCU") because Plaintiff was not on the hospital call list and because his situation was not an emergency. Plaintiff asserts that Officer Jefferson, the housing officer for Plaintiff's area, called Ponovich and told him that Plaintiff's situation was an emergency, but Ponovich still refused the request. Plaintiff states that he was taken to the HCU or a hospital the following day,

that the infected area oozed blood and pus throughout the night, and that the treating physician the following day asked Plaintiff why he had not sought treatment sooner.

## III. ANALYSIS

Plaintiff's complaint appears to assert both claims challenging the conditions of his confinement and alleging deliberate indifference with respect to Plaintiff's serious medical need. Each claim requires Plaintiff to demonstrate both an objective and a subjective element: (1) under the objective element, Plaintiff must be able to prove that his condition of confinement and his medical condition were sufficiently serious; (2) under the subjective element, Plaintiff must be able to demonstrate that the Defendants acted with deliberate indifference to the prison condition or Plaintiff's serious medical need. A prison condition is "sufficiently serious" only if it resulted in the "the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). A medical condition is sufficiently serious if a reasonable lay person would recognize the need for a doctor's attention. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Under the subjective component of either theory, Plaintiff must also be able to prove that the Defendants acted with a "sufficiently culpable state of mind," i.e., that they were subjectively aware of the jail or the medical condition and disregarded the excessive risk posed by that condition. *See Farmer v. Brennan*, 511 U.S. at 834; *Gillis v. Litscher*, 468 F.3d at 491-92; *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004); *see also Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007).

Plaintiff's complaint alleges sufficient claims of deliberate indifference with respect to both a condition of his confinement and a serious medical need. With respect to Plaintiff's claims against Battaglia and Hawkins, his allegations – that they ignored his grievances and letters, complaining about

Page 4 of 6

spiders and requesting that his area of the prison be better treated or that he be able to move to a different area – sufficiently establish an Eighth Amendment claim. Although this Court has recognized that keeping insects and vermin under control in prisons is sometimes an insurmountable task, *Doyle v. Fairman*, 1997 WL 610332, *2 (N.D. Ill. 1997); *Glen v. Cook County Jail*, 1993 WL 20222, *1 (N.D. Ill.1993), Plaintiff's allegations, taken as true, indicate that he repeatedly informed Battaglia and Hawkins that spider bites to Plaintiff were very serious but that neither Defendant did anything to remedy the situation. Unlike the cases cited above, Plaintiff does not allege a general insect infestation problem but, rather, a specific condition that caused him a serious problem. Assuming Plaintiff's allegations are true, as this Court must, he may be able to prove facts demonstrating that Defendants Battaglia and Hawkins were aware of an unconstitutional prison condition, yet failed to take measures to abate it. Plaintiff may thus be able to establish a deliberate indifference claim against Battaglia and Hawkins.

Plaintiff's complaint is also sufficient to establish a deliberate indifference claim against Officer Ponovich. Taking Plaintiff's allegations as true – that Plaintiff and an officer informed Ponovich that Plaintiff's infection had ruptured, that he was bleeding and oozing pus, that he was in need of emergency medical care, and that Ponovich refused to allow Plaintiff to see a doctor – Plaintiff may be able to prove facts establishing that Ponovich was aware of serious medical need, yet failed to take steps to prevent an excessive risk of harm. *See Edwards v. Snyder*, 478 F.3d at 831 (delay in attending to a serious medical need can rise to the level of deliberate indifference); *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004). Although a more fully developed record may demonstrate that Officer Ponovich did not act with deliberate indifference, Plaintiff's allegations and reasonable inferences drawn therefrom, indicate that he may be able to prove such a claim.

## IV. CONCLUSION:

For the foregoing reasons, Defendants' motion to dismiss [docket entry #29] is denied. Defendants are ordered to answer the complaint, or otherwise plead within 30 days of the date this order is entered on the docket.

**ENTER:**

_____
Joan Humphrey Lefkow
**United States District Court Judge**

DATED: SEP 10 2007